Affirmed and Memorandum Opinion filed January 28, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00913-CR

_______________

 

DONNIE DEWAYNE ROBINSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 07CR1066 

 

 

 



M E M O R A N D U M  O P I N I O N

          A jury convicted appellant, Donnie
Dewayne Robinson, of murder and assessed a sentence of forty years’
confinement.  In a single issue, appellant contends the trial court violated
his constitutional right to confrontation by excluding certain testimony.  Because all dispositive issues are
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 

Appellant
and David Mason were both charged with murder of a game-room manager in
connection with their unsuccessful attempt to rob the business.  At appellant’s
trial, the State presented the testimony of Mason, who implicated appellant in
the offense.  During direct examination, Mason confirmed he pleaded guilty to
aggravated robbery relative to the offense and received a ten-year prison
sentence plus dismissal of a misdemeanor marijuana charge.  

During
cross-examination, despite the State’s objections under Rules of Evidence 609
and 403, the trial court allowed appellant to elicit testimony that Mason had a
previous juvenile conviction for robbery. See Tex. R. Evid. 609 (prescribing
circumstances under which witness may be impeached by evidence of prior
criminal conviction but providing, “Evidence of juvenile adjudications is not
admissible, except for proceedings conducted pursuant to Title III, Family
Code, in which the witness is a party, under this rule unless required to be
admitted by the Constitution of the United States or Texas.”); Tex. R. Evid.
403 (providing relevant evidence “may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.”).  

Appellant
then asked Mason, “What were the facts of that case?”  The State again objected
on relevancy, Rule 609, and Rule 403 grounds.  Appellant argued that the facts
of the juvenile offense were admissible to impeach Mason by showing bias and
prejudice.  Specifically, appellant suggested Mason testified against appellant
only because Mason received a favorable plea agreement relative to the offense
at issue; thus, the facts of the juvenile offense, which might have enhanced Mason’s
punishment if he had been tried for murder, were probative to show why he
pleaded guilty to aggravated robbery and testified against appellant.  The
trial court sustained the State’s objection.

Appellant
contends the trial court violated his constitutional right to confrontation by
excluding the proffered testimony; thus, we should conduct a de novo
review of its ruling.  However, appellant failed to preserve error on this
complaint.  To preserve an issue for appellate review, a party must make a
timely objection or request to the trial court, sufficiently stating the
specific grounds for the requested ruling, unless apparent from the context,
and obtain an adverse ruling.  See Tex. R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App.
2002).  Moreover, the objection or request at trial must comport with the
complaint presented on appeal.  Wilson, 71 S.W.3d at 349.  Even
constitutional errors may be waived by failure to object at trial.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  When a party’s
argument for admitting evidence could refer to either the Rules of Evidence or
the Confrontation Clause, he must specifically articulate that the Confrontation
Clause demands admission of the evidence to preserve error on this ground.  See Reyna v. State, 168 S.W.3d 173,
179 (Tex. Crim. App. 2005).

In this
case, appellant’s argument at trial could have encompassed grounds for
admission of the proffered testimony under the Rules of Evidence or the Confrontation
Clause.  In fact, the State’s objections, to which appellant responded, were
all based on the Rules of Evidence.  Appellant’s complaint on appeal is based
entirely on an alleged violation of the Confrontation Clause; he makes no
argument for admission of the testimony under the Rules of Evidence.  However,
appellant did not inform the trial court that the Confrontation Clause demanded
admission of the proffered testimony or present any constitutional arguments.  Therefore,
appellant waived his Confrontation Clause complaint. See id.
(holding defendant waived error on appellate complaint that exclusion of
proffered testimony violated Confrontation Clause because his suggestion to
trial court testimony was not hearsay, was relevant, and was offered to
challenge witness’s credibility could refer to Rules of Evidence or Confrontation
Clause and he failed to argue that Confrontation Clause demanded admission).

 

Accordingly,
we overrule appellant’s sole issue and affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel consists of Chief Justice Hedges and Justices Seymore
and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).